# In the United States Court of Federal Claims

No. 25-1667
Filed: July 31, 2026

| | |
|---|---|
| CRAIG DARNELL JOHNSON, JR., | ) |
| *Plaintiff*, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| *Defendant*. | ) |

## OPINION AND ORDER

Craig-Darnell Johnson, Jr., proceeding pro se, claims the United States owes him more than $100,000,000 for various torts and an alleged taking of his property without just compensation. While the Complaints are difficult to understand, it appears that Plaintiff's grievances center on various benefits that Plaintiff claims he has not received. Because Plaintiff has failed to identify any claim within this court's jurisdiction, the court grants the Government's Motion to Dismiss.

### I. Standard of Review

#### A. RCFC 12(b)(1)

When deciding a motion to dismiss under Rules of the Court of Federal Claims ("RCFC") 12(b)(1) for lack of subject-matter jurisdiction, the court must assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The plaintiff bears the burden of establishing subject-matter jurisdiction and must do so by a preponderance of the evidence. *Stephens v. United States*, 884 F.3d 1151, 1155 (Fed. Cir. 2018); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). If the court determines that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006); RCFC 12(h)(3).

The leniency afforded to pro se pleadings does not relieve Plaintiff from establishing this court's jurisdiction. *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). If Plaintiff fails to establish jurisdiction, this court must dismiss the complaint. RCFC 12(h)(3).

#### B. RCFC 12(b)(6)

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For factual allegations to be plausible, they need not be "detailed." *Twombly*, 550 U.S. at 555. They must, however, be more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The court will "assume all well-plead factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327–28 (Fed. Cir. 2006) (quoting *Anaheim Gardens v. United States*, 444 F.3d 1309, 1314–15 (Fed. Cir. 2006)). Finally, a pro se litigant's pleadings will be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## II. Discussion

This court's jurisdiction generally is limited to claims within the scope of the Tucker Act, 28 U.S.C. § 1491. While the United States is normally immune from suit, the Tucker Act waives that immunity and grants this court with jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But the Tucker Act itself "does not create any substantive right enforceable against the United States for money damages," *United States v. Testan*, 424 U.S. 392, 398 (1976); rather, "a plaintiff must identify a "separate source of substantive law that creates the right to money damages," *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted). A statute or regulation is money-mandating if it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Testan*, 424 U.S. at 400 (quoting *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)). Such "money-mandating provisions are uncommon[.]" *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 324 (2020) (citing Matthew H. Solomson, Court of Federal Claims: Jurisdiction, Practice, and Procedure 4–18 (2016)).

### A. Plaintiff has failed to establish this court's jurisdiction to hear any of the claims in his Complaints.

Before turning to the motion to dismiss, the court recognizes that the parties expend a fair bit of effort disputing whether Plaintiff is a sovereign citizen. *E.g.*, ECF No. 7 at 5–6; ECF No. 8 at 1–3; ECF No. 13 ¶¶ 11–15; ECF No. 14 at 2, 5–6. The court, however, is not concerned with the label attached to Plaintiff; the court considers the arguments that he makes. Whether those arguments are associated with the sovereign citizen movement is immaterial to the court's analysis. In the end, Plaintiff's arguments fail on their own merits.

#### 1. <u>The court lacks jurisdiction over Plaintiff's Original Complaint.</u>

Although Plaintiff's Original Complaint, ECF No. 1, is somewhat difficult to decipher, it does not allege anything within this court's jurisdiction. Plaintiff filed a subsequent document that the court understood to be an amended complaint intended to supersede the Original Complaint. ECF No. 6. Plaintiff, however, does not appear to have intended to replace the

operative Complaint. Rather, he appears to have intended to supplement it. ECF No. 13 at 2.[1] To ensure the full resolution of Plaintiff's claims, the court addresses the Original Complaint as well. Because the Government understood the Amended Complaint to supersede the Original Complaint, its Motion to Dismiss, ECF No. 7, is directed solely at the Amended Complaint. The court thus considers its subject-matter jurisdiction on its own motion and concludes that it lacks jurisdiction over any part of Plaintiff's Original Complaint. *James v. United States*, 86 Fed. Cl. 391, 394 (2009) ("Subject matter jurisdiction may be challenged at any time by the parties, or by the court on its own initiative, or on appeal.") (citation omitted).

First, Plaintiff alleges that the United States has "created and monetized a bonded arraignment, warrant, and related securities in Plaintiff's NAME and estate. These instruments are private property belonging to Plaintiff." ECF No. 1 at 2. Plaintiff claims that the United States's "appropriation and monetization of these instruments constitute a taking of property for public use without just compensation, in violation of the Fifth Amendment." *Id*. Attached to the Original Complaint are the "Warrants / Attachments issued in the name of Affiant, treated as Bonds and Negotiable Instruments, with supporting notes." ECF No. 1-2 at 1. These purported bonds are, in reality, citations issued to Plaintiff by the Knox County, Tennessee Sheriff's Department for various traffic and traffic-related infractions. *Id*. at 15–21.

There is no nonfrivolous taking claim based on these citations. When deciding a taking claim, the court first "determines whether the claimant has identified a cognizable Fifth Amendment property interest that is asserted to be the subject of the taking." *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1348 (Fed. Cir. 2013). If there is a cognizable property interest, the court "determines whether the government's action amounted to a compensable taking of that interest." *Id*. Plaintiff fails on step one by failing to identify a cognizable property interest. Plaintiff fails step two as well. These documents were issued by the State of Tennessee—not the United States—and there is nothing suggesting that the United States has done anything to interfere with these citations. Because there is no nonfrivolous claim that Plaintiff holds a cognizable property interest in these citations, the court lacks jurisdiction to hear this claim under the Fifth Amendment. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008) ("In determining whether the Court of Federal Claims has jurisdiction, all that is required is a determination that the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation . . . .").

Second, Plaintiff claims that the United States Postal Service "accepted payment for the registered mailings yet obstructed delivery and withheld routing, thereby preventing Plaintiff's lawful filings from reaching their intended destination. This obstruction deprived Plaintiff of timely remedy and constitutes both a taking of property value and an illegal exaction of postage fees." ECF No. 1 at 2. This taking claim fails because it asserts the wrongfulness of the Government's alleged "obstruction" of Plaintiff's mailings. *Jackson v. United States*, 143 Fed. Cl. 242, 247 (2019) ("[F]or the Court to possess jurisdiction over a Takings claim, the 'claimant must concede the validity of the government action which is the basis of the taking claim.'")

[1] ECF No. 13 contains both Plaintiff's motion for leave to file and his proposed Second Amended Complaint. Because the pagination restarts with the proposed Second Amended Complaint, the court cites the ECF Header for pagination in this document.

(quoting *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802–03 (Fed. Cir. 1993)). If anything, this alleged obstruction of the mails would be a tort, which is outside this court's jurisdiction under 28 U.S.C. § 1491(a)(1).[2] Nor does Plaintiff properly allege an illegal exaction, which requires the unlawful exaction of money by the United States acting under the color of law. *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005). Here, there was nothing unlawful about collecting postage to deliver mail, meaning that no illegal exaction occurred.

Third, Plaintiff asserts that "Defendant's agents further exacted and mishandled Plaintiff's filing fee, concealed the corresponding case, and denied Plaintiff full access to the PACER system. These acts deprived Plaintiff of both money and access to his legal record, amounting to an illegal exaction under federal law." ECF No. 1 at 2. To the extent Plaintiff believes that another court mishandled a filing fee charged by that court, his complaint belongs in that court, not this one. *See Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) (holding that "the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); *see also Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017). Nor has the Plaintiff identified a money-mandating source of law that entitles him to access to the PACER system.[3] This too appears to be a challenge to the United States District Court for the Eastern District of Tennessee's handling of his case *Craig Darnell Johnson v. Knox County Sheriff's Office*, No. 3:25-cv-140-TAV-JEM.[4] In that case, Plaintiff complained to the district court about his lack of access to the PACER (actually, the CM/ECF) system, which the district court apparently did not grant. *See* Case No. 3:25-cv-140-TAV-JEM, ECF No. 27 at 2–3 (E.D. Tenn. Nov. 20, 2025). If Plaintiff is dissatisfied with the resolution of his claims by the Eastern District of Tennessee, his remedy (if any) is through the appellate process, not this court.[5]

---

[2] This court does not opine on whether there is a valid tort claim for nondelivery of the mail alleged here. The Supreme Court recently held that the United States is immune from tort claims for the intentional nondelivery of mail. *United States Postal Serv. v. Konan*, 607 U.S. 391, 406 (2026). The court does not believe that it is in the interest of justice to transfer this claim because Plaintiff appears to have brought a tort claim already, *see* ECF No. 1 at 2, and there does not appear to be any reason to send another to district court.

[3] Although Plaintiff refers to the PACER system, he appears to be complaining about access to the Eastern District of Tennessee's Case Management / Electronic Case Filing ("CM/ECF") system, which is operated by that court. That said, this distinction does not make a difference to the outcome of this motion.

[4] As discussed above, Plaintiff filed the criminal citations as exhibits to his Original Complaint. The court identified the ECF Footer on those documents and located Plaintiff's Case No. 3:25-mc-4-TAV-JEM in the Eastern District of Tennessee. That docket indicates that it was assigned to the miscellaneous docket because Plaintiff had not filed a complaint. After he attempted to file a complaint, the court moved the case to a civil docket, No. 3:25-cv-140-TAV-JEM.

[5] There is significant overlap between the allegations in this case and the allegations in Plaintiff's case in the Eastern District of Tennessee. Because there are clear jurisdictional defects that suffice to dismiss this case, the court does not delve into whether 28 U.S.C. § 1500 also deprives it of subject-matter jurisdiction. *See Jacobson v. United States*, 179 F.4th 940, 946 (Fed. Cir.

Fourth, Plaintiff complains that he has been "wrongfully designated a 'fugitive.'" ECF No. 1 at 2. But this court lacks jurisdiction to hear any criminal matter. *See, e.g.*, *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Thus, this court cannot determine whether Plaintiff is a fugitive or not. To the extent that Plaintiff believes this designation is harming his reputation, that is a tort claim beyond this court's jurisdiction. 28 U.S.C. § 1491(a)(1); *Woods v. United States*, 122 F. App'x 989, 991 (Fed. Cir. 2004) ("The Court of Federal Claims is a court of limited jurisdiction, and claims sounding in tort, such as defamation, are outside the jurisdiction of the court.").

Finally, Plaintiff alleges that the United States has not properly adjudicated his tort claim. ECF No. 1 at 2. Again, this court lacks jurisdiction over any tort claim against the United States. 28 U.S.C. § 1491(a)(1). If he is unhappy with the district court's, or an agency's, handling of his tort claim, his remedy is not a claim in this court.

Because the court lacks subject-matter jurisdiction to hear any claim in Plaintiff's Original Complaint, the court dismisses it for lack of subject-matter jurisdiction. RCFC 12(h)(3).

2. <u>The court lacks jurisdiction to hear Plaintiff's Amended Complaint.</u>

Plaintiff's Amended Complaint, ECF No. 6, fairs no better than the Original Complaint. In it, Plaintiff makes several threadbare assertions. Among the claims are various tort claims based on the alleged conduct of the Department of Veterans' Affairs ("VA") and the Department of Housing and Urban Development ("HUD"). These include claims for conversion and fraud, ECF No. 6 at 1–2, and for "[e]motional, spiritual, and reputational harm," *id*. at 3, and "forced exposure to psychological operations and unlawful medical assignments," *id*. Plaintiff also alleges breaches of fiduciary duties, among other claims. *Id*. Finally, he alleges a taking of his property without just compensation but alleges no facts that support such a claim. *Id*. at 1–3.

The Government moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. ECF No. 7. In response to the Government's Motion to Dismiss, Plaintiff argues only that the Government had taken his property without just compensation under the Fifth Amendment. *See generally*, ECF No. 8. He bases this argument on an alleged taking of his social security benefits. *See id*. at 5–8. He also raises other taking claims involving alleged interference with business registration. But none of this is alleged in any of his pleadings. That said, the court will consider whether anything in Plaintiff's response to the Government's motion supports a claim under the Fifth Amendment. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed pro se is 'to be liberally construed.'").

First, to the extent that Plaintiff alleges tort claims, those claims are dismissed for a lack of subject-matter jurisdiction. 28 U.S.C. § 1491(a)(1). Similarly, to the extent that Plaintiff complains that an agency did not properly initiate an administrative claim under the Federal Tort Claims Act, the court lacks jurisdiction because that act vests district courts with jurisdiction to

---

2026) ("The Supreme Court's jurisprudence has made clear that courts are not required to address jurisdictional issues in any given order.").

hear such claims. 28 U.S.C. § 1346(b)(1). When Congress vests jurisdiction to hear certain claims in the district courts, this court lacks jurisdiction over such claims. *Perfect Form Mfg. LLC v. United States*, 160 Fed. Cl. 149, 157 (2022) (first citing *Fry v. United States*, 72 Fed. Cl. 500, 505 (2006); and then citing *Crocker v. United States*, 125 F.3d 1475, 1475 (Fed. Cir. 1997)).

Second, this court lacks jurisdiction to hear Plaintiff's claims for VA benefits. "[W]hen a law assertedly imposing monetary liability on the United States contains its own judicial remedies," this court lacks jurisdiction under the Tucker Act. *United States v. Bormes*, 568 U.S. 6, 12 (2012). This is because the Tucker Act functions to fill gaps but is displaced by a specific remedial scheme. *Id*. Here, the Veterans' Judicial Review Act ("VJRA"), Pub.L. No. 100-687, 102 Stat. 4105 (1988), provides "the exclusive regime for reviewing denials of veteran benefits." *Kalick v. United States*, 541 F. App'x 1000, 1001 (Fed. Cir. 2013); *Perry v. United States*, 524 F. App'x 680, 681 (Fed. Cir. 2013). As a result, this court lacks jurisdiction to hear Plaintiff's claims based on VA benefits. *E.g.*, *Addington v. United States*, 94 Fed. Cl. 779, 782 (2010).

Third, Plaintiff's claim that HUD "[a]ttempted to coerce Plaintiff into the HUD/VASH voucher system, in lieu of granting rightful remedy from estate/creditor position" fails to identify any money-mandating source of law to support jurisdiction in this court. Although Plaintiff disclaims HUD-VASH benefits, at least there is a benefit program that the court can evaluate. And that program does not support a claim in this court because the HUD-VASH program pays local entities to provide housing support to veterans. Thus, any claim for mishandling such benefits is properly brought against the corresponding local entity, not HUD. *E.g.*, *Powers v. McDonough*, 163 F.4th 1162, 1178 (9th Cir. 2025) ("The VA and HUD offer a specific housing voucher program to subsidize housing for veterans, provided primarily through the HUD-Veterans Affairs Supportive Housing ("HUD-VASH") program. HUD allocates vouchers, and public housing agencies ("PHAs") distribute them to qualifying veterans."); *Houston v. United States*, 132 Fed. Cl. 339, 342 (2017) (finding no subject-matter jurisdiction over claims under the HUD-VASH program). To the extent that Plaintiff believes that the federal funding of various housing benefits provides this court jurisdiction, *see* ECF No. 8 at 8, he is mistaken. In any event, if a local housing authority or other entity has wrongly denied Plaintiff benefits, this court lacks jurisdiction to hear such a claim. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Fourth, Plaintiff complains that the United States "converted access to housing, transportation, and lawful assets into controlled, conditional, and monitored assistance[.]" ECF No. 6 at 2. This does not identify any money-mandating source of law to support this court's jurisdiction. While the United States has chosen to provide benefits through programs that are structured so the benefits are "controlled, conditional, and monitored assistance," Plaintiff does not identify anything that entitles him to compensation for housing and transportation without any governmental oversight. Because he has failed to identify a money-mandating source of law, he has failed to establish this court's jurisdiction.

Although Plaintiff did not allege any other violations, his Response to the Motion to Dismiss argues several more claims for relief. Although Plaintiff may not amend his Complaints in his Response to a Motion to Dismiss, the court does allow leniency in pro se filings. The court addresses these other grounds, many of which he raises in his motion for leave to file a

Second Amended Complaint that supports these claims. ECF No. 13. In any event, none of the newly asserted claims support this court's jurisdiction.

First, to the extent that Plaintiff claims that he has a contract with the United States based on "his labor, time, identity, and the value associated with his benefits and legal estate," ECF No. 8 at 11, his claim is either frivolous (denying this court jurisdiction) or fails to state a claim. Although the allegation of a contract generally suffices to confer jurisdiction on this court, a frivolous claim does not. *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021). Even if nonfrivolous, Plaintiff's allegations fail to state a contract claim with the United States. To form a contract with the United States, there must be "(1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) 'actual authority' on the part of the government's representative to bind the government in contract." *Sanchez v. United States*, 179 Fed. Cl. 688, 722 (2026) (quoting *Calapristi v. United States*, 156 Fed. Cl. 13, 17 (2021)) (additional citations omitted). Plaintiff does not allege, nor argue, that any of these elements are met in this case. Therefore, even if his contract claims were not frivolous, he has failed to state a claim for a breach of contract regarding "his labor, time, identity, and the value associated with his benefits and legal estate."

Second, to the extent that Plaintiff contends that the United States has taken his property, he has failed to identify a cognizable property interest. In his Response to the Motion to Dismiss, ECF No. 8, Plaintiff asserts five different property interests that he believes were taken from him. The court addresses them in order.

<u>Social Security benefits and benefit streams</u>. Plaintiff first contends that he has a cognizable property interest in his Social Security and other benefits. ECF No. 8 at 14. This court, however, does not have jurisdiction over claims for Social Security benefits because Congress vested that jurisdiction in district courts. *Kennedy v. United States*, 179 Fed. Cl. 426, 435–36 (2025). This is true even when the Social Security Administration unlawfully withholds payment and a plaintiff asserts his claim as a takings claim under the Fifth Amendment. *Id*. at 435, 436 n.3. As the Federal Circuit explained,

> Challenges relating to social security benefits "shall be brought in the district court of the United States for the judicial district in which the plaintiff resides." 42 U.S.C. § 405(g). Indeed, no decision regarding social security benefits "shall be reviewed by any person, tribunal, or governmental agency" except as provided by the Social Security Act. 42 U.S.C. § 405(h). Thus, the statute makes clear that the Court of Federal Claims lacks jurisdiction because claims for social security benefits must be filed in a federal district court. *See Marcus v. United States*, 909 F.2d 1470, 1471 (Fed.Cir.1990) (holding that the Court of Federal Claims lacks jurisdiction over claims for social security benefits).

*Arunga v. United States*, 465 F. App'x 966, 967–68 (Fed. Cir. 2012). This claim cannot support jurisdiction in this court.

Housing related entitlements. Here too Plaintiff fails to identify a cognizable property interest. As explained above, Plaintiff has not identified where this alleged entitlement comes from. HUD does not generally pay housing benefits directly to an individual, so Plaintiff has not plausibly alleged that he has a property interest in such a benefit. *E.g.*, *Hous. Auth. of City of New Haven v. United States*, 140 Fed. Cl. 773, 788–89 (2018) (explaining that HUD makes payments to public housing authorities to provide housing to individuals).

Funds and trusts. Next, Plaintiff claims a cognizable property interest in "interest and value associated with funds held or processed under federal authority." ECF No. 8 at 14. Because there is nothing in the Original Complaint or Amended Complaint that identifies to what this is referring, Plaintiff has failed to plausibly allege the existence of a cognizable property interest.

Sole proprietorship or business registration in his name. Finally, Plaintiff claims to have a cognizable property interest in "a sole proprietorship or business registration in his name, as well as economic value of his labor and legal estate." ECF No. 7 at 14. To the extent that he asserts a claim regarding a sole proprietorship or a business registration, there is nothing in his Original Complaint or Amended Complaint that supports such a claim.

Because Plaintiff has failed to allege the taking of a cognizable property interest or other claim within this court's jurisdiction, the court dismisses the Amended Complaint for lack of subject-matter jurisdiction.

### B. The Motion for Leave to File a Second Amended Complaint is denied as futile.

After the Government's Reply in Support of its Motion to Dismiss, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. ECF No. 13. According to Plaintiff, he "now understands that, in this Court, the proper defendant in a Fifth Amendment takings action is the United States—not individual agencies or officers." *Id.* at 2. He also understands that tort claims are beyond this court's jurisdiction. *Id.* He therefore seeks to file a Second Amended Complaint "to bring a focused claim for money damages under the Fifth Amendment's Takings Clause, with the United States as the sole defendant." *Id.*

Because Plaintiff has already amended his Original Complaint once, he must get leave to file another amended complaint. RCFC 15(a)(2). And the rule provides that "[t]he court should freely give leave when justice so requires." *Id.* But the court need not grant leave when the proposed amended pleading would be futile. *E.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile when it would not survive a motion to dismiss. *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006); *Dixon v. United States*, 158 Fed. Cl. 80, 85 (2022) ("When a proposed amendment would be subject to the same defect as the original Complaint, leave to amend may be denied.").

First, the proposed Second Amended Complaint's claims relating to Plaintiff's Social Security benefits are still not the proper subject of a takings claims. As explained above, this court lacks jurisdiction to hear claims relating to Social Security benefits. *See supra* Section III.A.2. According to Plaintiff, "[a]s the Supreme Court has recognized in analogous contexts,

once awarded pursuant to statutory criteria, such benefits constitute a protected property interest, not a mere gratuity." ECF No. 13 at 11. To the extent that Plaintiff believes he has a cognizable property interest in his Social Security (or other statutory) benefits for a takings claim, he appears to have confused a property right sufficient to trigger the Due Process Clause with a property right cognizable under the Takings Clause:

> Generally, entitlements are considered to be government conferred benefits, safeguarded exclusively by procedural due process. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). In light of this, entitlements are often referred to as "property interests" within the meaning of the Due Process Clause in cases decided under that clause, but such references have no relevance to whether they are "property" under the Takings Clause.

*Adams v. United States*, 391 F.3d 1212, 1220 n.4 (Fed. Cir. 2004). These new allegations do not state a claim within this court's jurisdiction.

The same is true of the VA benefits. ECF No. 13 at 11–12. As explained above, this court lacks jurisdiction to hear claims for VA benefits. *Bormes*, 568 U.S. at 12. As a result, this proposed amendment would not survive a motion to dismiss either. Nor would claims about housing vouchers. And if Plaintiff believes that he was wrongly denied housing benefits, *see* ECF No. 13 at 11–12, that is not a claim for this court. As explained above, HUD typically provides funds to public housing authorities for them to distribute to individual beneficiaries, and this court lacks jurisdiction to hear claims that those authorities wrongly denied benefits.

Second, the claims regarding "court-related funds" do not allege a claim within this court's jurisdiction. Although the Second Amended Complaint is not clear on this claim, it appears that Plaintiff believes that "[f]unds associated with his legal estate, special deposits, or case-related financial flows have been placed into pooled accounts that generate interest or earnings under the control of federal or quasi-federal institutions." ECF No. 13 at 12–13. While sparse on specifics, Plaintiff seeks to allege that "Plaintiff has participated in various legal proceedings, including matters involving federal or federally influenced courts where funds, bonds, deposits, or other monetary interests were or may be subject to registry and investment systems akin to the Court Registry Investment System ("CRIS") or other pooled accounts." *Id.* at 12. This does not support a takings claim here. Assuming such funds exist in a federal court registry somewhere,[6] this court lacks jurisdiction to order that court to transfer money to Plaintiff. Under 28 U.S.C. § 2041, any money paid into a federal court registry remains under the control of that court, not this court. If Plaintiff believes he is the rightful owner of that money, it may be returned to him "under the direction of the court" holding the funds. *Id.* This court cannot order such court to return money to him. *E.g.*, *Boultbee v. United States*, No. 23-1884, 2024 WL 3220261, at *5 (Fed. Cl. June 27, 2024), *aff'd*, No. 2024-2260, 2025 WL 1077679 (Fed. Cir. Apr. 10, 2025).

---

[6] The court is unaware what Plaintiff means by a "federally influenced court." No matter, under *Sherwood,* this court lacks jurisdiction over state courts for any claim. 312 U.S. at 588.

To the extent that Plaintiff believes there are other unspecified trusts or accounts associated with his legal estate, the Second Amended Complaint fails to plausibly allege any basis to believe that such funds exist. If he believes that the United States creates such funds "attributable to his legal estate," ECF No. 13 at 13, those claims are patently frivolous. *United States v. Anzaldi*, 800 F.3d 872, 875 (7th Cir. 2015); *Gravatt v. United States*, 100 Fed. Cl. 279, 285, 288 (2011); *Ammon v. United States*, 142 Fed. Cl. 210, 214–15 (2019).

Third, the Second Amended Complaint's allegations that the United States took his business registration in a sole proprietorship, ECF No. 13 at 13–14, do not support a takings claim. As an initial matter, Plaintiff fails to identify what this registration was or where it was registered. The Government correctly notes that business entities are generally registered with the states, not the Federal Government. ECF No. 14 at 6 n.2. Thus, it appears that Plaintiff is complaining about the "blocking" of his claimed business registration by "federally controlled systems [sic]" rather than the United States. *See* ECF No. 13 at 14. Again, *Sherwood* makes clear this court lacks jurisdiction over claims against parties other than the United States. Nor does Plaintiff explain how the United States is making use of any business registration.

Finally, the proposed Second Amended Complaint's allegations regarding "Labor, Person, and Legal Estate as Economic Inputs to Public Systems," ECF No. 13 at 14–15, fails to allege a taking that would survive a motion to dismiss. Here, Plaintiff seeks to allege that the United States treats human beings as metrics to set funding and budgets. Assuming that to be true, there is no actionable claim based on that. Plaintiff appears to contend that his taxes prevent him from obtaining stable housing. ECF No. 13 at 14–15. But the United States's lawful exercise of the taxing power is not a taking. *U.S. Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed. Cir. 2002); *Fry v. United States*, 72 Fed. Cl. 500, 509 (2006).

Because Plaintiff's proposed Second Amended Complaint would not survive a Motion to Dismiss, his Motion for Leave to File the Second Amended Complaint is denied as futile.

## III. Conclusion

For these reasons, the court **GRANTS** the Government's Motion to Dismiss, ECF No. 7, and **DENIES** Plaintiff's Motion for Leave to File a Second Amended Complaint, ECF No. 13. The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge